[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11444
Non-Argument Calendar

_____

D. C. Docket No. 05-00352-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALIXTO JOSE GONZALEZ PADILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 7, 2007)**

Before ANDERSON, DUBINA, and CARNES, Circuit Judges.

PER CURIAM:

Calixto Jose Gonzalez Padilla appeals his concurrent 135-month sentences

for conspiracy to possess and possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to United States jurisdiction in violation of 46 U.S.C. §§ 1903(a),(g), and (j), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. Gonzalez Padilla argues on appeal that the district court erred in refusing to grant a minor role reduction.

We review the district court's determination of a defendant's role in an offense for clear error. United States v. De Varon, 175 F.3d 930, 938 (11th Cir. 1999) (en banc). The district court has "considerable discretion in making this fact-intensive determination." United States v. Boyd, 291 F.3d 1274, 1277-78 (11th Cir. 2002). The defendant bears the burden of proving his minor role by the preponderance of the evidence. De Varon, 175 F.3d at 939. Allegations made by defense counsel alone may not be a sufficient basis on which to resolve a disputed sentencing issue. See United States v. Kapelushnik, 306 F.3d 1090, 1095 (11th Cir. 2002) (holding that allegations by defense counsel were an insufficient basis on which to grant a downward departure under U.S.S.G. § 5K2.0).

In determining a defendant's role, the district court must first "measure the defendant's role against [his] relevant conduct." De Varon, 175 F.3d at 934. We have not established a per se rule as to whether a drug courier is or is not entitled to a minor role reduction but we have said that "when a drug courier's relevant

conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43. Furthermore, in the drug courier context, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct" and, in some cases, could be dispositive. Id. at 943.

Although analysis under the first principle may be dispositive in the court's determination of the defendant's role, the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct attributed to the defendant. Id. at 944. When measuring a defendant's conduct against other participants' conduct, a district court may consider only those participants who are identifiable by the evidence and who were involved in the relevant conduct for which the defendant was convicted. Id. "The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [his] role in the offense, since it is possible that none are minor or minimal participants." Id. "[T]he district court must determine that the defendant was less culpable than most other participants in [his] relevant conduct." Id. (emphasis in original).

Here, Gonzalez Padilla's relevant conduct was identical to his actual conduct, a large amount of cocaine (over three tons) was involved, and, except for

3

the captain, nothing in the record indicated that Gonzalez Padilla was less culpable than the other crew members on the vessel. Thus, he was not less culpable than the other participants in the conspiracy and the district court's denial of a role reduction was not clearly erroneous. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Gonzalez Padilla's request for oral argument is denied.